UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM P. LEHR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:11-CV-615 |
| | ) (PHILLIPS/SHIRLEY) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff Lehr's Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 22].[1] The Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $3,424.36, plus the filing fee of $350, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

**I. BACKGROUND**

On February 25, 2013, United States District Judge Thomas W. Phillips entered a Memorandum and Order [Doc. 18] granting the Plaintiff's Motion for Summary Judgment With Remand Under Sentence Four of 42 U.S.C. § 405(g). Judgment was entered the same day. [Doc. 19].

---

[1] The Plaintiff originally filed a Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 20] on March 24, 2013. In the Plaintiff's original motion, he requested fees in the amount of $3,424.36. The Plaintiff's amended motion [Doc. 22] requests the same amount, plus the filing fee of $350.00.

1

## II.    ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA.  Four conditions must be met before fees will be awarded under the EAJA:

>    1.  Plaintiff must be a prevailing party;
>
>    2.  The Commissioner's position must be without substantial justification;
>
>    3.  No special circumstances warranting denial of fees may exist; and
>
>    4.  The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

### A.    Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party."  See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

### B.    The Commissioner's Position Was Without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).  In this case, the Commissioner has stated that she does not oppose Plaintiff's request for EAJA attorney fees, and has thereby conceded that the Commissioner's position in this matter was not substantially justified.  [Doc. 24].[2]

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

---

[2] The Commissioner's response [Doc. 24] only asks that the Court separate the amounts for the attorney fees and the filing fee. The Court will keep these amounts separate throughout the Report and Recommendation.

**C. There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

**D. The Plaintiff's Request for an Award of Fees is Timely**

On March 24, 2013, the Plaintiff moved for a total fee amount of $3,424.36, plus the filing fee of $350.[1] [Doc. 21]. This motion included a proper application for fees and was filed within 30 days of the final judgment in this matter.

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

**E. The Court Finds that the Fees Requested Are Reasonable**

Further, the Commissioner has no opposition to Plaintiff's request for attorney fees and has conceded that the Plaintiff is entitled to $3,424.36 in attorney fees, plus $350.00 for the filing fee.

The Court has considered the amount requested, and the Court finds that the fees requested are reasonable.

---

[1] The total fee amount represents Plaintiff's claim for .8 attorney hours at $172.42 per hour, 16 attorney hours at $175.73 per hour, 1.3 attorney hours at $175.66 per hour, and 6.4 paralegal hours at $46.00 per hour. [Doc. 23-1 at 5-8].

### III.  CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Amended Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) **[Doc. 22]** be **GRANTED**, and a judgment awarding Plaintiff the amount of $3,424.36 for attorney fees, plus $350 for the filing fee be entered.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).